IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY MATHES and
CARRIE MATHES,

    Plaintiffs,

v.

ALL SOUTH ELECTRICAL
CONSTRUCTORS, INC., a foreign
corporation,

    Defendant.

_____/

Case No.: 3:24-cv-205

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiffs, JOHNNY MATHES and CARRIE MATHES ("Plaintiffs"), through undersigned counsel, sue Defendant, ALL SOUTH ELECTRICAL CONSTRUCTORS, INC. ("Defendant"), and demand trial by jury, stating as follows:

### I. PLAINTIFFS

1.1    Plaintiff, JOHNNY MATHES is a resident of the State of Tennessee.

1.2    Plaintiff, CARRIE MATHES, is a resident of the State of Tennessee and is the wife of JOHNNY MATHES.

### II. DEFENDANT

2.1    The Defendant, ALL SOUTH ELECTRICAL CONSTRUCTORS, INC. (hereinafter "ALL SOUTH ELECTRICAL"), is a foreign corporation organized

and incorporated under the laws of the State of Georgia with its principal place of business in Cartersville, Georgia. ALL SOUTH ELECTRICAL is licensed and registered to do business in the State of Florida and maintains a registered agent in the State of Florida, CT Corporation System, which may be served with legal process in Broward County at 1200 S. Pine Island Road, Plantation, Florida 33324.

2.2    At all material times, ALL SOUTH ELECTRICAL, was engaged in the construction business and, personally or through an agent, in the County and in the District in which this Complaint is filed, operated, conducted, engaged in or carried on a business venture in this state and/or county had an office or agency in this state.

### III. JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this case as the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00 pursuant to the United States Code, section 1332(a).

3.2    Venue in this case is proper as to all parties in this Court because a substantial part of the events or omissions giving rise to the claim(s) occurred in this jurisdiction pursuant to 28 United States Code, section 1391(b)(2) and arise from the same nucleus of operative facts.

3.3    Plaintiffs, JOHNNY MATHES and CARRIE MATHES, are *sui juris* and are residents and citizens of Tennessee.

3.4   Defendant, ALL SOUTH ELECTRICAL, is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Florida, and who maintains a registered agent in the State of Florida.

3.5   All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## IV. FACTUAL ALLEGATIONS

4.1   At all times material hereto, Defendant, ALL SOUTH ELECTRICAL, was engaged in the construction business. As part of its business, ALL SOUTH ELECTRICAL, ordered construction materials from various vendors to be delivered to their construction site. These materials would then be unloaded by their employees, agents, or representatives using dangerous heavy equipment, included but not limited to lulls and forklifts.

4.2   At all times material hereto, ALL SOUTH ELECTRICAL, had a duty to properly screen and hire employees who would not pose a threat to the safety of its vendors, delivery drivers, or the public at large.

4.3   At all times material hereto, ALL SOUTH ELECTRICAL, had a duty to properly supervise and govern its employees to ensure that they would not pose a threat to the safety of its vendors, delivery drivers, or the public at large.

4.4   At all times material hereto, ALL SOUTH ELECTRICAL, had a duty to only retain employees who were competent, qualified, and conducted their business in a safe manner.

4.5     On or about November 2, 2023, Plaintiff, JOHNNY MATHES, was the owner and driver of a truck carrying a load of aluminum lamp posts ordered by Defendant, ALL SOUTH ELECTRICAL, through Legacy Lighting, LLC, from HAPCO Pole Products in Abingdon, Virginia, for a construction project called The Madison at Owl's Head in Freeport, Walton County, Florida.

4.6     At that time and place, Plaintiff, JOHNNY MATHES, arrived to deliver the order of aluminum lamp posts to the construction site and was standing in the vicinity of this truck.

4.7     At that time and place, an employee, agent, or representative of Defendant, ALL SOUTH ELECTRICAL, began to unload the aluminum lamp posts from the trailer attached to Plaintiff's truck.

4.8     At that time and place, the employee, agent, or representative of Defendant, ALL SOUTH ELECTRICAL, failed to pick up a bundle of the aluminum lamp posts properly and the bundle became unbalanced and began to shift.

4.9     At that time and place, the employee, agent, or representative of Defendant, ALL SOUTH ELECTRICAL, failed to operate the lull in a reasonable and safe manner and the bundle of aluminum lamp posts fell off the forks of the lull, hit the trailer, and subsequently landed on Plaintiff, JOHNNY MATHES.

4.10    At that time and place and as a result of Defendant, ALL SOUTH ELECTRICAL's negligence, Plaintiff, JOHNNY MATHES, sustained traumatic

and catastrophic injuries that resulted in multiple surgeries including, but not limited to, a spinal fusion and below the knee amputation of his right leg.

4.11   Defendant, ALL SOUTH ELECTRICAL CONSTRUCTORS, INC., had the right to hire and fire its employees, agents, and representatives, including any subcontracted employees, agents, and/or representatives.

4.12   Defendant, ALL SOUTH ELECTRICAL, is directly responsible and liable for its actions and the actions of its employees, agents, and representatives, including any subcontracted employees, agents, and/or representatives.

4.13   The individuals working on the construction site were employees and/or actual agents and/or apparent agents of Defendant, ALL SOUTH ELECTRICAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

4.14   The individuals working on the construction site and unloading deliveries were represented to Plaintiff, JOHNNY MATHES, and other delivery drivers or vendors, as trained and capable employees of Defendant, ALL SOUTH ELECTRICAL. Plaintiff detrimentally relied on these representations and was severely injured.

## V. COUNT I
## NEGLIGENCE

Plaintiffs hereby adopt and re-allege each and every allegation in paragraphs 1.1 through 4.14 as if set forth herein.

5.1	At all times material hereto, ALL SOUTH ELECTRICAL, owed the Plaintiff, JOHNNY MATHES, a non-delegable duty to exercise the reasonable care required of a construction site for the safety of its vendors, delivery drivers, and other invitees.

5.2	Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its vendors, delivery drivers, and other invitees.

5.3	At all times material, Defendant, through its agents, employees, staff, and/or representatives, who were acting within the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a) Failing to supervise its employees, agents, and/or representatives;
   b) Failing to properly train its employees, agents, and/or representatives;
   c) Failing to provide adequate employees, agents, and/or representatives;
   d) Failing to safely operate heavy machinery and/or equipment;
   e) Operating heavy machinery and/or equipment in an improper and unsafe manner;
   f) Failing to maintain the heavy machinery and/or equipment in a reasonably safe fashion;

g) Failing to employ an adequately trained operator of the heavy machinery and/or equipment;

h) Negligent hiring, selection, training, and retention of the construction site's crew, including but not limited to subcontracted employees, agents, and/or representatives.

i) Failing to develop and institute adequate procedures and policies to address these hazards;

j) Failing to take proper precautions for the safety of vendors, delivery drivers, and other invitees;

k) Failing to have adequate policies and procedures in place for the unloading of heavy materials for the construction site;

l) Failing to employ sufficient or adequately trained construction site crews, including but not limited to subcontracted employees, agents, and/or representatives.

m) Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

n) Failing to otherwise maintain the construction site in a safe and reasonable manner; and/or

o) Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

5.4     Defendant's negligence proximately caused Plaintiff, JOHNNY MATHES, great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

5.5     Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk creating conditions had the Defendant implemented proper methods of hiring, training, supervision, and retention; and/or (d) created the risk-creating conditions.

5.6     As a direct and proximate result of the aforesaid negligence, Plaintiff, JOHNNY MATHES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment and nursing care, aggravation of previously existing conditions, and economic losses to include but not be limited to past and future lost earnings.  All such losses are either permanent or continuing in nature and JOHNNY MATHES will suffer such losses indefinitely into the future.

WHEREFORE, Plaintiff demands judgment against Defendant, ALL SOUTH ELECTRICAL, for negligence damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, and trial by jury on all issues so triable.

## VI. COUNT 2
## NEGLIGENCE AGAINST ALL SOUTH ELECTRICAL CONSTRUCTORS, INC. FOR THE ACTS OF ITS PERSONNEL BASED ON VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR

Plaintiffs hereby adopt and re-allege each and every allegation in paragraphs 1.1 through 4.14 as is set forth herein.

6.1    At all times material hereto, ALL SOUTH ELECTRICAL, owed the Plaintiff, JOHNNY MATHES, a non-delegable duty to exercise the reasonable care required of a construction site for the safety of its vendors, delivery drivers, and other invitees.

6.2    Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its vendors, delivery drivers, and other invitees.

6.3    To the extent Defendant, ALL SOUTH ELECTRICAL, contests its responsibility for the conduct of the individuals working on their construction site and/or providing services to vendors, delivery drivers, or other invitees, Plaintiff alleges that the individuals working on the construction site and/or providing services to vendors, delivery drivers, or other invitees, were agents of Defendant, ALL SOUTH ELECTRICAL, for the following reasons:

a) On or about November 2, 2023, the All South Electrical construction site's crew, including but not limited to subcontracted employees, agents, and/or representatives made decisions about who would operate certain equipment and/or machinery.

b) They were the employees of Defendant, ALL SOUTH ELECTRICAL, or were Defendant, ALL SOUTH ELECTRICAL's, agents, apparent agents, and/or servants.

c) They were subject to the right of control by Defendant, ALL SOUTH ELECTRICAL.

d) They were acting within the course and scope of their employment or agency.

6.4     Defendant, ALL SOUTH ELECTRICAL, acknowledged that the construction crew, including but not limited to subcontracted employees, agents, and/or representatives, would act on Defendant's behalf, and they accepted the undertaking.

6.5     Defendant, ALL SOUTH ELECTRICAL, is vicariously liable for the acts of the construction crew, including but not limited to subcontracted employees, agents, and/or representatives, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiff's injuries and damages.

6.6     As a direct and proximate result of the aforesaid negligence, Plaintiff, JOHNNY MATHES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment and nursing care, aggravation of previously existing conditions, and economic losses to include but not be limited to past and future lost earnings.  All such losses are either permanent or

continuing in nature and JOHNNY MATHES will suffer such losses indefinitely into the future.

WHEREFORE, Plaintiff demands judgment against Defendant, ALL SOUTH ELECTRICAL, for negligence damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, and trial by jury on all issues so triable.

### VII. COUNT 3
### NEGLIGENCE AGAINST ALL SOUTH ELECTRICAL CONSTRUCTORS, INC. FOR THE ACTS OF ITS PERSONNEL BASED ON VICARIOUS LIABILITY UNDER APPARENT AGENCY

Plaintiffs hereby adopt and re-allege each and every allegation in paragraphs 1.1 through 4.14 as is set forth herein.

7.1   At all times material hereto, ALL SOUTH ELECTRICAL, owed the Plaintiff, JOHNNY MATHES, a non-delegable duty to exercise the reasonable care required of a construction site for the safety of its vendors, delivery drivers, and other invitees.

7.2   Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its vendors, delivery drivers, and other invitees.

7.3   To the extent Defendant, ALL SOUTH ELECTRICAL CONSTRUCTORS, INC., contests its responsibility for the conduct of the individuals operating the vessel and/or providing services to passengers on the vessel, Plaintiffs alleges that the individuals operating the vessel and/or providing services on the vessel

were the apparent agents of Defendant, ALL SOUTH ELECTRICAL CONSTRUCTORS, INC., for the following reasons:

a) On or about November 2, 2023, the All South Electrical construction site's crew, including but not limited to subcontracted employees, agents, and/or representatives made decisions about who would operate certain equipment and/or machinery.

b) They were the employees of Defendant, ALL SOUTH ELECTRICAL, or were Defendant, ALL SOUTH ELECTRICAL's, agents, apparent agents, and/or servants.

c) They commanded and controlled the All South Electrical construction site and spoke and acted as though they were authorized to do so by Defendant, ALL SOUTH ELECTRICAL. Defendant, ALL SOUTH ELECTRICAL, never took any actions to indicate that they were not All South Electrical's agents.

d) They were subject to the right of control by Defendant, ALL SOUTH ELECTRICAL.

e) They were acting within the course and scope of their employment or agency.

7.4   Defendant, ALL SOUTH ELECTRICAL, acknowledged that the construction crew, including but not limited to subcontracted employees, agents, and/or representatives, would act on Defendant's behalf, and they accepted the undertaking.

7.5   Defendant, ALL SOUTH ELECTRICAL, is vicariously liable for the acts of the construction crew, including but not limited to subcontracted employees, agents, and/or representatives, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiff's injuries and damages.

7.6   As a direct and proximate result of the aforesaid negligence, Plaintiff, JOHNNY MATHES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment and nursing care, aggravation of previously existing conditions, and economic losses to include but not be limited to past and future lost earnings.  All such losses are either permanent or continuing in nature and JOHNNY MATHES will suffer such losses indefinitely into the future.

WHEREFORE, Plaintiff demands judgment against Defendant, ALL SOUTH ELECTRICAL, for negligence damages, costs of this action, prejudgment interest as may be applicable, post judgment interest, and trial by jury on all issues so triable.

## VIII. COUNT 4
## LOSS OF CONSORTIUM CLAIM

Plaintiff, CARRIE MATHES, individually, restates paragraphs 1.1-7.6 as though fully realleged herein.

8.1  On November 2, 2023, the date of the subject incident, and at all times material to this action, Plaintiff, JOHNNY MATHES, and Plaintiff, CARRIE MATHES, were husband and wife.

8.2  As a direct and proximate result of the negligence described herein above, Plaintiff, CARRIE MATHES, suffered the loss of the services, comfort, society, companionship and consortium of her spouse, JOHNNY MATHES, for a substantial period of time and is continuing to suffer such losses.

WHEREFORE, Plaintiff, CARRIE MATHES, demands judgment against Defendant, ALL SOUTH ELECTRICAL, for compensatory damages plus costs of this action, and demands a trial by jury.

Respectfully submitted this 9th day of May, 2024.

FASIG | BROOKS

/s/ Carrie Mendrick Roane
Carrie Mendrick Roane (FBN: 0192491)
3522 Thomasville Rd. Suite 200
Tallahassee, FL 32309
Phone:      850-224-3310
Fax:   850-224-3433
Croane@fasigbrooks.com
Brittney@fasigbrooks.com
Counsel for Plaintiffs